IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARCELL SUPPLEE | : | CIVIL ACTION |
| v. | : | |
| JOHN E. POTTER, UNITED STATES POSTAL SERVICE | : | NO. 05-4377 |

**MEMORANDUM**

**Fullam, Sr. J.**                                                                 May 5 , 2008

Plaintiff, a former postal worker, has sued the Postal Service, alleging that she was terminated in retaliation for earlier complaints of discrimination. Defendant contends that Plaintiff was dismissed because, among other things, she arrived for work in an unfit condition, behaved inappropriately, and failed to comply with the terms of a Last Chance Agreement to which Plaintiff agreed more than a year before her termination. Defendant has filed a renewed motion for summary judgment (Plaintiff having been granted additional time to conduct discovery after Defendant first filed the motion). Having listened carefully to the parties at the hearing on May 1, 2008, and considered the documents filed in the case (including documents filed by the Plaintiff after the hearing), I will grant the motion.

There is certainly a dispute between the parties as to whether Plaintiff committed the workplace offenses ascribed to

her.  However, after reviewing the facts in the light most favorable to Ms. Supplee, there is simply no evidence that she was fired because of her earlier complaints.  To establish a *prima facie* claim of retaliation, Plaintiff must show that "she is engaged in protected activity, that the employer took an adverse employment action against [her], and that there is a causal connection between the protected activity and the adverse employment action."  <u>Goosby v. Johnson & Johnson Med., Inc.</u>, 228 F.3d 313, 323 (3d Cir. 2000).  Plaintiff does not dispute that her earlier complaints were resolved as part of a process that resulted in the Last Chance Agreement signed on January 12, 2001.  The events that led to Plaintiff's termination in March of 2002 occurred in December of 2001.  Without any evidence that retaliation was the motive, the passage of time argues strongly against the possibility of a causal link.  Because no reasonable jury could find in Plaintiff's favor, the motion for summary judgment must be granted.

    An order will enter.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARCELL SUPPLEE | : | CIVIL ACTION |
| v. | : | |
| JOHN E. POTTER, UNITED STATES POSTAL SERVICE | : | NO. 05-4377 |

### O R D E R

AND NOW, this 5 day of May 2008, upon consideration of Defendant's Renewed Motion for Summary Judgment and the response thereto, and after a hearing on May 2, 2008,

IT is ORDERED that the Motion is GRANTED. JUDGMENT is entered IN FAVOR OF DEFENDANT, JOHN E. POTTER, and AGAINST PLAINTIFF, DARCELL SUPPLEE. The Clerk is directed to mark the case CLOSED.

BY THE COURT:

Fullam,                Sr. J.